## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNIE CRENSHAW, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1579-RGA |
| INTERNATIONAL LONGSHOREMAN ASSOCIATION 1694 and PHILADELPHIA MARINE TRADE ASSOCIATION, | : |
| Defendants. | : |

Connie Crenshaw, Wilmington, Delaware. Pro Se Plaintiff.

Lance M. Geren, Esquire, Freedman and Lorry, P.C., New Castle, Delaware. Counsel for Defendant International Longshoremen's Association, Local 1694, AFL-CIO.

Geoffrey Graham Grivner, Esquire, Buchanan Ingersoll & Rooney P.C., Wilmington, Delaware. Counsel for Defendant Ports of the Delaware River Marine Trade Association.

## MEMORANDUM OPINION

May $\mathcal{q}$ , 2014
Wilmington, Delaware

*Richard G. Andrews*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Plaintiff Connie Crenshaw filed this employment discrimination action pursuant to 42 U.S.C. § 2000e-5, et. seq. (D.I. 2). She appears *pro se* and was granted leave to proceed *in forma pauperis.* (D.I. 4). Presently before the court are Plaintiff's request for default (D.I. 8) and Defendants' motions to dismiss (D.I. 9, 17). The matters have been fully briefed.

## BACKGROUND

Plaintiff filed this action on September 19, 2013 alleging discriminatory conduct by reason of sex. The complaint alleges that the discriminatory conduct, consisting of termination of her employment and failure to promote, occurred on October 25, 2012 and is continuing. The complaint further states that Plaintiff filed charges with the Department of Labor of the State of Delaware on May 1, 2012 and with the Equal Employment Opportunity Commission on April 26, 2012. Attached to the complaint are numerous right to sue letters received by Plaintiff, all dated April 8, 2011, for Charge Nos. 530-2011-01361; 530-2008-00126; 530-2008-00127; 530-2009-00005;17C-2010-00015; 530-2009-00739; 530-2007-02438; 530-2011-01360; and 531-2011-00663. Also attached is a copy of a December 22, 2012 arbitrator's opinion and award denying a grievance filed by plaintiff wherein she complained of her termination.

Defendants signed waivers of service. (D.I. 6, 16). Plaintiff requests the default of Defendant International Longshoremen's Association, Local 1694, AFL-CIO. Both Defendants move to dismiss the complaint on the grounds that complaint was not timely filed and that Plaintiff failed to exhaust her administrative remedies.

## REQUEST FOR ENTRY OF DEFAULT

International Longshoremen's signed a waiver of service on December 16, 2013. (D.I. 6). The waiver provided that a response was due within sixty days after October 16, 2013. On January 13, 2014, Plaintiff filed a request for default as to International Longshoremen's. (D.I. 8). The next day, International Longshoremen's filed a motion to dismiss. (D.I. 9).

A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). An attorney entered his appearance on behalf of International Longshoremen's and has filed a motion to dismiss. The Court exercises its discretion and will deny the request for default.[1]

## MOTIONS TO DISMISS

Defendants seek dismissal (D.I. 9, 17) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes (D.I. 14, 18) the motions. Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."

---

[1] I assume for the sake of argument that there was a default, but the Defendant makes a pretty convincing case that there was no actual default. (*See* D.I. 11).

2

*Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Because Plaintiff proceeds *pro se*, her pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## DISCUSSION

Defendants move to dismiss pursuant on the grounds that: (1) the complaint was not timely filed; and (2) Plaintiff failed to exhaust her administrative remedies. The Court addresses each in turn.

3

## Statute of Limitations

Defendants argue that Plaintiff's claims are time-barred and refer to the right-to-sue letters, all dated April 8, 2011. The complaint was filed on September 19, 2013.

A claim brought under Title VII must be filed within ninety days of plaintiff's receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *McGovern v. City of Philadelphia*, 554 F.3d 114, 115 n.1 (3d Cir. 2009). The ninety-day filing period is regarded as a statute of limitations, making it subject to the doctrine of equitable tolling. *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Equitable tolling is generally appropriate in Title VII cases only when "the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (citations omitted). Plaintiff bears the burden to show that equitable tolling is warranted. *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

In her opposition, Plaintiff indicates that she made complaints to the EEOC for over eight years, but Defendants never responded to the allegations. Once Plaintiff retained counsel she received right-to-sue letters and filed an employment discrimination case in federal court on June 30, 2011. *See Crenshaw v. Diamond State Port Corp.*, Civ. No. 11-579-RGA. Plaintiff moved to voluntarily dismiss because she felt her attorney did not have her best interest at hand, and the case was dismissed on November 20, 2012. *See id.* at D.I. 69. Prior to dismissal of Civ. No. 11-579-RGA, Plaintiff was engaged in arbitration regarding a grievance she filed over the termination of her employment. (*See* D.I. 2, exs.). Plaintiff was represented by counsel at an

4

October 25, 2012 arbitration hearing. (*See id.*). The grievance was denied the end of December 2012, and on January 7, 2013, Plaintiff was notified by counsel that her grievance had been denied. (*See id.*). Plaintiff filed the instant complaint on September 19, 2013.

Plaintiff offers no viable argument for an equitable tolling of the limitations period, and her complaint, as plainly indicated on its face, was filed well after expiration of the ninety-day period to bring suit. Therefore, the Court will grant the motions to dismiss as the complaint is time-barred.

## Exhaustion of Administrative Remedies

Defendants also move for dismissal for Plaintiff's failure to exhaust administrative remedies. As a prerequisite to filing a lawsuit in federal court for gender discrimination, a plaintiff is required to exhaust administrative remedies with the EEOC or an equivalent state or local agency. *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir.1997) ("[T]he causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." (internal quotations omitted)); *see also Joyner v. School Dist. of Phila.*, 313 F. Supp. 2d 495, 500 (E.D. Pa. 2004) ("It is well settled that as a pre-condition to filing suit under Title VII, a plaintiff must first file charges with the EEOC within 180 days of the alleged discriminatory act." (internal quotations omitted)).

In reading the complaint, it appears that Plaintiff complains that discriminatory conduct occurred during the October 25, 2012 arbitration hearing. It is evident from the

5

face of the complaint, that the October 25, 2012 date took place after the April 8, 2011 date of the right-to-sue letters. Plaintiff responds that she made efforts to file complaints/grievances but her requests went unheard. Although the complaint states that Plaintiff filed charges of discrimination on April 26, 2012 and May 1, 2012, prior to the date of the alleged discriminatory conduct of October 25, 2012, in her response Plaintiff states that she did not file charges of discrimination in April and May 2012. (D.I. 14 at 4). Rather, in April she made a request for documents to the EEOC, and in May the EEOC responded to her request. (*See id.*).

Simply stating that she made every effort to exhaust her administrative remedies, does not excuse Plaintiff from the clear requirement imposed by federal law. Plaintiff's failure to exhaust administrative remedies as to the alleged discriminatory conduct of October 25, 2012 is fatal to her claim. Thus, the court must grant Defendants' motions to dismiss the complaint for failure to exhaust administrative remedies.

### Fair Representation

In opposing Defendants' motions to dismiss, Plaintiff states that she was a member of the Philadelphia Marine Trade Association and that she was not properly represented during arbitration by Local 1694. Plaintiff seems to argue that the union breached its duty of fair representation. (*See* D.I. 14, 18). The instant complaint does not raise claims that Local 1694 breached its duty of fair representation and raises only employment discrimination claims. Nor has Plaintiff sought leave to raise such claims.

### CONCLUSION

For the above reasons, the Court will: (1) DENY Plaintiff's request for default and (2) GRANT Defendants' motions to dismiss (D.I. 9, 17). An appropriate order will be entered.